IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

**CHARLOTTE M. DOWNEY,**
            **Plaintiff**

     **v.**
                                        CIVIL NO. SKG-09-137

**DOLGENCORP,**
            **Defendant.**

                        MEMORANDUM OPINION

**I. INTRODUCTION**

    Plaintiff Charlotte M. Downey has brought suit against defendant Dollar General Corporation, alleging that she sustained serious injuries after an improperly secured floor mat at defendant's store caused her to fall face forward into an improperly placed bread rack ("the incident"). (Paper No. 2 at 2). Plaintiff alleges that defendant breached its duty of reasonable care by failing to secure the mat, warn its customers regarding the dangerous condition, train employees to inspect its premises, and properly place the bread rack. (Id. at 3). Plaintiff seeks $500,000.00 in damages. (Id. at 5).

    Defendant has moved for summary judgment pursuant to FED. R. CIV. P. 56 on the ground that plaintiff has failed to put forth evidence sufficient to establish its breach of a duty of reasonable care. (Papers No. 42, 46). For the reasons explained below, the Court **GRANTS** defendant's motion.

                                1

**II. SUMMARY JUDGMENT STANDARD**

This is a diversity case. 28 U.S.C. § 1332. Therefore, FED. R. CIV. P. 56 governs review of defendant's motion for summary judgment. The Rule provides that summary judgment should be granted "if the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When the non-moving party fails to make a sufficient factual showing "on an essential element of her case," the moving party is entitled to summary judgment. Id. at 323. To survive summary judgment, the non-moving party may not rely on "the bald assertions of [its] pleadings"; rather, it must advance "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (instructing that the non-moving party

"must do more than simply show that there is some metaphysical doubt as to the material facts").

When considering motions for summary judgment, courts are to view the evidence in the record in the light most favorable to the non-moving party. Id. at 587. At the summary judgment stage, courts are not to weigh the evidence or make credibility determinations; rather, their sole role is to decide whether there are genuine disputes as to material facts which finders of fact could resolve. See Anderson v. Liberty Lobby, 477 U.S. 242, 249-250, 255 (1986).

**III. BACKGROUND**

It is undisputed that on the day of the incident, plaintiff, who regularly shopped at Dollar General, came to the store looking for a bottle of allergy pills, which she readily found. (Paper No. 42, Ex. A). Because the price was not displayed on the allergy pill bottle, plaintiff made her way toward the check-out lanes for a price-check. (Id.). As she did, she stepped on or near two rubber floor mats close to the cashiers' stations, then fell forward. (Paper No. 46, Ex. R).

The parties dispute the condition of the mats at the time of the incident. A photograph taken by Ms. Debbie Wallace, a store supervisor, shows the mats separated by a distance of a few inches. It also shows what could be an indent or upward

3

curl on one of the mats. (Paper No. 45, Ex. 4). Ms. Wallace testified that the approximately four-foot by three-foot rectangular mats were intact and not turned up. (Paper No. 42, Ex. D). Ms. Tammy Barrett, a customer who did not witness the incident but subsequently went over to plaintiff to comfort her commented: "I know that the rug was flat, because we were looking to see if may be [plaintiff] had tripped over it, and we couldn't tell." (Paper No. 42, Ex. C).

The parties also dispute defendant's knowledge regarding the condition of the mats. Defendant holds its store employees accountable to a floor maintenance policy. (Paper No. 45, Ex. 5). The policy directs employees to "[r]eplace floor mats when edges begin to curl." (Id.). Ms. Heather Ann Moss, an employee who was working at the store at the time, testified that she did not recall what she did on the morning of the day of the incident or whether she conducted an inspection of the store. (Paper No. 45, Ex. 6). However, the store supervisor, Ms. Wallace, testified that, on the morning of the day of the incident, she walked around to inspect the overall condition of the store. (Paper No. 46, Ex. N).

**IV. DISCUSSION**

This is a premises liability case governed in Maryland tort law.[1] In order to recover, plaintiff must prove that (1) a dangerous condition existed on defendant's premises, (2) defendant had actual or constructive knowledge of the condition, and (3) that knowledge was "gained in sufficient time to give [defendant] the opportunity to remove it or to warn [plaintiff]." Carter v. Shoppers Food Warehouse MD Corp., 126 Md. App. 147, 160, 727 A.2d 958, 956 (1999) (quoting Keene v. Arlan's Dep't Store of Baltimore, Inc., 35 Md. App. 250, 256, 370 A.2d 124 (1977) (internal quotation marks omitted)).

In support of its motion for summary judgment, defendant argues that plaintiff has not produced evidence sufficient to establish the existence of a dangerous condition. (Paper No. 42 6-7). Plaintiff counters that one of the mats was "twisted[,] bubbled and mounded." Aside from these allegations, the only evidence in the record that could support the existence of a potentially dangerous condition is the photograph apparently showing an upward indent or curl in one of the mats. (Paper No.

---

[1] "A federal court sitting in diversity must apply the choice-of-law rules from the forum state. For tort claims, Maryland adheres to … lex loci delicti commissi, or the law of the place of the harm, to determine the applicable substantive law." Wells v. Liddy, 186 F.3d 505, 521 (4th Cir. 1999) (citations and internal quotations marks omitted). Because the incident occurred in Maryland, the state's tort law governs substantively.

5

45, Ex. 4). At this stage however, the Court must draw all reasonable inferences in favor of the non-moving party and therefore assume the photograph is sufficient to establish that the mat was, in fact, indented or curled.

Defendant also argues that it is entitled to summary judgment since it lacked actual or constructive notice of the allegedly dangerous condition of the mats. The court agrees. The element of notice is "key" to the outcome of a premises liability suit since "[a]bsent … knowledge [of an alleged dangerous condition] – or, more appropriately, evidence of such knowledge – there is no liability, and thus no right of recovery." Burkowske v. Church Hospital Corp., 50 Md. App. 515, 522, 439 A.2d 40, 44-45 (1982); see also Lloyd v. Bowles, 260 Md. 568, 572-573, 273 A.2d 193, 196 (1971) (holding that "in order to find liability on the part of the storeowner, the jury must find … that the storeowner had actual or constructive notice"); Reid v. Washington Overhead Door, Inc., 122 F. Supp. 2d 590 (same).

For example, in Keene, 35 Md. App. at 256, 370 A.2d 124 (citing Lexington Market Authority v. Zappala, 233 Md. 444, 197 A.2d 147 (1964) (additional citations omitted)), the Court of Special Appeals found a department store had a duty to warn of or clean a shampoo spill, where an employee had noticed the

spill prior to a customer's slip and fall and warned his colleagues of the danger it posed. Conversely, in <u>Rawls v. Hochschild Kohn & Co.</u>, 207 Md. 113, 122-23, 113 A.2d 405, 410 (1955), the Court of Appeals found that the absence of evidence showing that a shopkeeper was aware of a water spill on his shop floor, including evidence of the length of time the spill had been there, the shopkeeper could not be found liable for injuries sustained by customer who slipped and fell on the water.

Here, there is no evidence in the record of defendant having received actual notice of the condition of the mats prior to the incident. Plaintiff argues however, that defendant had constructive notice. (Paper No. 45 at 2). Constructive knowledge suggests that a party "is under a duty to another to use reasonable diligence to ascertain the existence or non-existence of the fact in question and that he would ascertain the existence thereof in the proper performance of that duty." <u>Richwind Joint Venture v. Brunson</u>, 335 Md. 661, 677, 645 A.2d 1147, 1154 (1994) (<u>quoting</u> <u>State v. Feldstein</u>, 207 Md. 20, 33, 113 A.2d 100, 106 (1955)). But "a mere assertion of what an inspection might have revealed [does not] supplant the need for evidence of what it would have revealed." <u>Burkowski</u>, 50 Md. App. at 523, 439 A.2d at 45. A plaintiff alleging constructive

notice in a premises liability suit must produce specific evidence that "(1) [defendant] failed in its duty to make *reasonable periodic inspections* … and (2) had [defendant] made such reasonable inspections, it would have discovered a dangerous condition." Id. (emphasis added).

What constitutes a reasonable periodic inspection necessarily depends on the particular factual circumstances of a case. But the Maryland Court of Special Appeals' decision in Carter v. Shoppers Food Warehouse, a case involving facts almost identical to those before this Court, draws the legal boundaries of storeowners' duty to inspect for dangerous conditions. There, an elderly shopper slipped and fell on a rubber floor mat in the produce section of a grocery store and sued for negligence. Carter, 126 Md. App. at 152, 727 A.2d at 961. Plaintiff alleged that defendant's employees had swept the produce section too infrequently, contrary to the store's own established, albeit unwritten, policy. Id. at 153, 727 A.2d at 961. The Carter court ruled however, that the store had no duty to "constantly [] inspect the produce section and fix the floor mats each time a corner becomes misplaced or turned up." Id. at 161, 164, 727 A.2d at 965, 967. Rather, the store's duty to remove or warn customers of a dangerous condition arose only where the store had actual or constructive knowledge of that

condition, and it came into possession of that knowledge in "sufficient time" to take the appropriate action. Id. at 160, 727 A.2d at 965. Without evidence that a store employee saw the curl in the mat, the employees' failure to adhere to the sweeping policy did not establish constructive knowledge or allow the case to proceed to the jury stage. Id. at 967.

Leannarda v. Lansburgh's Dept. Store, a factually analogous case decided by the Maryland Court of Appeals, is also instructive on this point. There, plaintiff shopper alleged that her shoe heel got stuck in a fabric "loop" in a frayed carpet at defendant's store, causing her to sustain ankle injuries. 260 Md. 701, 703, 273 A.2d 149, 149-50 (1971). In affirming the trial court's directed verdict for defendant, the Leannarda court held that defendant could not be found liable for plaintiff's injuries absent evidence showing "how long [the dangerous condition] existed or that any of [defendant's] employees knew about it." Id. at 706, 273 A2d at 151.

Here, the Court has made all factual inferences in plaintiff's favor, including those facts plaintiff claims are in dispute and are material. Assuming that one of the mats was, in fact, curled and that this represented a dangerous condition, plaintiff's prima facie case of negligence nevertheless fails since she has not proffered evidence sufficient to establish

9

actual or constructive knowledge on defendant's part.  Plaintiff has not produced any evidence showing how long the condition of the mats existed prior to the incident.  See Rawls, 207 Md. at 122-23, 113 A.2d at 410.  Nor has she made a factual showing sufficient to establish that a store employee saw the curl prior to the incident, or that defendant failed to carry out a duty of reasonable inspection.  See Carter, 126 Md. App. at 162, 727 A.2d at 966; Leannarda, 260 Md. at 706, 273 A2d at 151.  Therefore, summary judgment in favor of defendant is appropriate as to defendant's actual or constructive knowledge of the allegedly dangerous condition.

## V. CONCLUSION

Based on the undisputed facts and drawing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff has failed to produce evidence sufficient to establish defendant's actual or constructive knowledge – an essential element of her claim and one on which she would bear the burden at trial.  Therefore the Court **GRANTS** defendant's motion for summary judgment.

Date: 8/27/10                                        /s/
                                           Susan K. Gauvey
                                           United States Magistrate Judge